UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | 2:12-CV-5033-CAS (RZx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | LOS ANGELES UNIFIED SCHOOL DISTRICT V. UNITED ALLOYS INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Barru Groveman | Jordan Grotzinger |
| | William Funderburk, Jr. |

Attorneys Present for Intervenor
Emilio Macasinag

**Proceedings:**    RON DONN AND UNITED ALLOYS INC'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND BARRING OF CLAIMS (Dkt. 136, filed November 8, 2013)

FLASK CHEMICAL CORPORATIONS'S MOTION FOR APPROVAL OF GOOD FAITH SETTLEMENT AND ORDER BARRING CONTRIBUTION (Dkt. 138, filed November 8, 2013)

UNITED ALLOYS AND METALS INC.'S MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT (Dkt. 139, filed November 8, 2013)

## I.   INTRODUCTION AND BACKGROUND

On June 8, 2012, plaintiff Los Angeles Unified School District filed suit against defendants Cronimet Corporation, Ron Dunn, United Alloys, Inc. ("UA"), and United Alloys and Metals, Inc ("UAM"). Dkt. 1. The parties then engaged in settlement discussions. Plaintiff filed a First Amended Complaint ("FAC") on January 7, 2013, naming defendant Flask Chemical Corporation ("Flask") in place of Cronimet Corporation. Dkt. 32. Plaintiff filed the operative Second Amended Complaint ("SAC") on July 2, 2013. Dkt. 87. Plaintiff seeks to recover damages suffered in response to alleged contamination migrating onto a school site located at 664 East 56th Street, Los Angeles, from defendants' property located at 900 East Slauson Avenue, Los Angeles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | 2:12-CV-5033-CAS (RZx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | LOS ANGELES UNIFIED SCHOOL DISTRICT V. UNITED ALLOYS INC., ET AL. | | |

("UA property"). Plaintiff has been conducting an investigation and remediation of the school site to identify and remove alleged contaminants existing at and beneath the school site, primarily consisting of volatile organic compounds ("VOCs"). SAC ¶ 3.

On September 9, 2013, the parties informed the Court that the plaintiff had reached a settlement with all parties. Dkt. 125. On November 8, 2013, Ron Donn and UA filed a motion for a determination of a good faith settlement and barring of claims. Dkt. 136. That same day, Fireman's Fund Insurance Company ("Fireman's"), on behalf of its insured, the now defunct Flask, also filed a motion for approval of good faith settlement and for an order barring contribution. Dkt. 138. Finally, also on November 8, 2013, UAM filed a motion for a determination of a good faith settlement and barring of claims. Dkt. 139. No oppositions have been filed to any of these motions. On December 9, 2013, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Factual Background

Plaintiff acquired the school site on East 56th Street in 1991 by eminent domain, and since August 2000, it has been conducting site assessment and remediation of the school site. SAC ¶¶ 13-14.

According to plaintiff, defendant Flask operated a chemical distribution facility at the UA property from approximately 1969 to 1979. Id. ¶ 17. In 1979, defendant UA purchased the property, which it then used for receiving and processing and resale of high grade metals such as zirconium, nickel, titanium, and copper. Id. ¶ 19. As early as 1992, UA suspected that the UA property may be contaminated. Id. ¶ 20. UA hired Green Environmental, an environmental engineer, to conduct a Phase I site assessment of the UA property. This investigation found PCE and TCE contaminants in the soil at multiple locations in the UA property. Id. Subsequent investigations conducted in 1993 and 1994 confirmed the presence of these contaminants. Id.

In or about 2002, UAM purchased all of UA's assets, including all of the equipment on the UA property, which was previously owned by UA; however, according

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:12-CV-5033-CAS (RZx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | LOS ANGELES UNIFIED SCHOOL DISTRICT V. UNITED ALLOYS INC., ET AL. | | |

to plaintiff, UA continues to own the UA property and leases it to UAM. Id. ¶ 23. Both before and after the acquisition and lease of the property to UAM, plaintiff alleges that defendants UA and Ron Donn, President of UA, knew of the contamination at the UA property that was migrating towards the school site. Id. ¶ 24. Despite their purported knowledge of the contamination that was migrating towards the school site, defendants did nothing to remedy the problem and stop the spreading of VOCs. Id. ¶ 22.

### B. The Proposed Settlements

By these settlements, plaintiff will recover approximately $4,450,000. UA and Ron Donn will pay $2,150,000, Fireman's will pay $2,000,000, and UAM will pay $300,000. In exchange therefor, LAUSD will fully release and discharge the defendants from all liability associated with the contamination from the UA property. Additionally, LAUSD will agree to defend and indemnify Fireman's from certain groundwater contamination claims that may be attributable to Flask, in an amount not to exceed $1,000,000. Osmus Decl. ¶ 7.

## III. LEGAL STANDARD

California Code of Civil Procedure Section 877.6 provides in pertinent part that:

(a)(1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors, upon giving notice in the manner provided in subdivision (b) of Section 1005.

. . .

(c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:12-CV-5033-CAS (RZx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | LOS ANGELES UNIFIED SCHOOL DISTRICT V. UNITED ALLOYS INC., ET AL. | | |

(d) The party asserting the lack of good faith shall have the burden of proof on that issue.

Cal. Code Civ. P. 877.6.

Typically, a defendant is entitled to a finding of good faith settlement if the settlement complies with the factors set forth in Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 38 Cal. 3d 488 (Cal. 1985). In that case, the California Supreme Court set forth the following factors for evaluating a settlement: (1) rough approximation of plaintiff's total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) a recognition that a settlor should pay less in settlement than he would if found liable at trial; (5) the financial conditions and insurance policy limits of the settling defendant; (6) the existence of collusion, fraud, tortious conduct aimed to injure the interests of the nonsettling defendants; and (7) the information available at the time of the settlement. Id. at 499. The "burden of proof [is] on the party challenging the settlement to 'demonstrate, if he can, that the settlement is so far 'out of the ballpark' in relation to [these factors] as to be inconsistent with the equitable objectives of the statute.'" Nutrition Now, Inc. v. Superior Court, 105 Cal. App. 4th 209, 213 (Cal. Ct. App. 2003) (quoting Tech-Bilt, 38 Cal. 3d at 499–500).

## IV. DISCUSSION

The Court finds that the defendants' settlements with plaintiff were reached in good faith. Applying the relevant Tech-Bilt factors confirms this result.

First, each defendant's portion of the settlement roughly approximates their portion of the total liability. In a related action concerning the contamination of the UA property, United Alloys, Inc. v. Baker, CV 93-4722 CBM EX (C.D. Cal.), the court allocated one-third of the clean up costs to UA and two-thirds to Flask. United Alloys, Inc. v. Baker, 2011 WL 2749641 ¶ 206 (C.D. Cal. July 14, 2011). In the settlements here, UA is paying slightly more ($2,150,000) than Fireman's on behalf of Flask ($2,000,000). These roughly equal shares are not "out of the ballpark," Tech-Bilt, 38 Cal. 3d at 499–500, compared to the one-third/two-thirds apportionment of liability in the Baker action, especially because UA, as the more recent operator of the properties, may have a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    JS-6

| Case No. | 2:12-CV-5033-CAS (RZx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | LOS ANGELES UNIFIED SCHOOL DISTRICT V. UNITED ALLOYS INC., ET AL. | | |

relatively greater share of liability for the subsequent migration of contaminants than it did for direct contamination. Similarly, UAM, which is paying only 7% of plaintiff's total recovery, only began operating the UA property subsequent to the alleged contamination; UAM's potential liability is therefore more attenuated than the liability of either UA or Flask. Accordingly, the Court concludes that the settlement roughly approximates each defendant's potential liability.

Second, it appears that the settlement recognizes that LAUSD should receive less in settlement than it could potentially receive at trial. Although LAUSD's recovery could potentially exceed $4,450,000 at trial, the settlements appear to reflect a reasonable discount given the uncertainties and expenses associated with trying an environmental contamination case. Cf. Lewis v. Russell, 2012 WL 5471824, at *5 (E.D. Cal. Nov. 9, 2012) ("[A]lthough the parties have not shown how the $30,000 settlement payment compares to the total clean-up costs, the fact that Lewis is willing to accept that amount while bearing the risk that it is less than what Workroom might ultimately have been required to pay suggests that it is in the range of appropriate settlement amounts.").

Third, Fireman's settlement on behalf of Flask appears to exhaust the $2,000,000 per-occurrence liability limit in the Flask insurance policy. Osmus Decl. ¶ 7.

Finally, there does not appear to be any collusion, fraud, or tortious conduct. All defendants are settling, and no defendant has objected to the settlement agreements of the other defendants. Furthermore, the settlement was reached with the assistance of sophisticated counsel negotiating before a mediator. See Grotzinger Decl. ¶ 4.

### III. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS the defendants' motions for determination of a good faith settlement agreement.

IT IS SO ORDERED.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |